UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SAMADAI MARIE CALDWELL,<br><br>        Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 22-cv-11231<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION & ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF NOS. 16, 18)**

I.   **Introduction**

Plaintiff Samadai Marie Caldwell appeals the final decision of defendant Commissioner of Social Security (Commissioner) denying her application for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. Both parties have filed summary judgment motions and consented to the undersigned conducting all proceedings under 28 U.S.C. § 636(c). ECF No. 8; ECF No. 9; ECF No. 16; ECF No. 18. After review of the record, the Court **ORDERS** that:

- Caldwell's motion (ECF No. 16) is **DENIED**;
- the Commissioner's motion (ECF No. 18) is **GRANTED**; and

- the ALJ's decision is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

II.  **Background**

   A. **Caldwell's Background and Disability Application**

Born in April 1971, Caldwell was 49 years old when she applied for DIB and SSI in February 2020, with an alleged disability onset date of June 2016.  ECF No. 13-2, PageID.60, 78.  She had past relevant work as an informal waitress and cook.  *Id.*, PageID.78.  Caldwell claimed disability from bipolar disorder, anxiety, manic depression, post-traumatic stress disorder, antisocial behavior, depression, alcoholism, and several physical impairments.[1]  ECF No. 13-3, PageID.129-130.

After a hearing, during which Caldwell and a vocational expert (VE) testified, the ALJ found Caldwell not disabled.  ECF No. 13-2, PageID.60, 79.  The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.  *Id.*, PageID.51.  Caldwell timely filed for judicial review.  ECF No. 1.

---

[1] Caldwell does not dispute the ALJ's determinations about her physical impairments.

2

**B. The ALJ's Application of the Disability Framework Analysis**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[2] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the

---

[2] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c); 416.920(c).

3

claimant's RFC, age, education, and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Caldwell was not disabled. At the first step, he found that Caldwell had not engaged in substantial gainful activity since the alleged onset date of June 1, 2016. ECF No. 13-2, PageID.62. At the second step, he found that Caldwell had the severe mental impairments of bipolar disorder and depression. *Id.* Next, the ALJ concluded that none of Caldwell's impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. *Id.*, PageID.63-67.

Between the third and fourth steps, the ALJ found that Caldwell had the RFC to perform light work, with these mental restrictions:

> She can understand, remember, and carry out simple instructions; perform simple, routine, and repetitive tasks, but not at a production rate pace such as an assembly line; and adapt to routine changes in the workplace that are infrequent and easily explained. She can interact occasionally with supervisors and coworkers, but never with the general public.

*Id.*, PageID.67. At step four, the ALJ found that Caldwell cannot perform any past relevant work. *Id.*, PageID.78. At the final step, after considering

4

Caldwell's age, education, work experience, RFC, and the testimony of the VE, the ALJ determined that there were jobs in significant numbers that Caldwell could perform, including positions as a merchandise marker, hand packager, and garment folder. *Id.*, PageID.79.

### III. Analysis

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence[3] and conformed with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up). The substantial-evidence standard does not permit the Court to independently weigh the evidence. *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d

---

[3] Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

5

917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *see also Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.").

Caldwell argues that the Court should remand this matter, as the RFC "is not supported by substantial evidence because the ALJ improperly evaluated the medical opinion of independent consultative psychologist Michael Brady, Ph.D." ECF No. 16, PageID.1328-1329.  The Court disagrees and affirms the ALJ's decision.

**B.**

Caldwell contends that, although the ALJ found Dr. Brady's opinion "generally persuasive," the RFC ignored his finding that she would often be distracted and that her performance would be limited.  *Id.*, PageID.1330, 1332-1333.  She argues that the ALJ gave no explanation for excluding that part of Dr. Brady's opinion from the RFC.  ECF No. 19, PageID.1359-

6

1362. Caldwell also cites other records showing that her concentration and thought processes were impaired. ECF No. 16, PageID.1331-1332.

ALJs must explain the persuasiveness of all opinions from both treating and non-treating sources by considering several factors, the most important being the opinion's supportability and consistency with the record evidence. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(a). Under the supportability factor, the more relevant "objective medical evidence and supporting explanations presented by a medical source to support his or her medical opinion," the more persuasive the medical opinion will be. §§ 404.1520c(c)(1), 416.920c(c)(1). An opinion that is more consistent with the evidence from other medical sources and nonmedical sources is also more persuasive. §§ 404.1520c(c)(2), 416.920c(c)(2).

Dr. Brady found that "[Caldwell's] ability to maintain concentration is moderately impaired. As a result of her emotional state she may often be distracted and her effectiveness and performance will likely be limited and slowed." ECF No. 13-7, PageID.556. The ALJ accurately summarized Dr. Brady's report, noting that the mental status examination "revealed some abnormalities in concentration," consistent with Dr. Brady's conclusions (supportability). ECF No. 13-1, PageID.75-76. The ALJ found Dr. Brady's opinion "generally persuasive," reasoning that he was an independent

7

psychologist who evaluated Caldwell in person.  *Id.*, PageID.76.  And the ALJ explained that Dr. Brady's opinion aligned with Caldwell's treatment records and the opinions of the state-agency reviewing physicians (consistency).  *Id.*

Caldwell argues that the ALJ failed to incorporate Dr. Brady's opinion into the RFC despite finding the opinion persuasive.  ECF No. 16, PageID.1332-1333.  But as the Commissioner argues, the RFC adequately addresses Caldwell's moderately impaired concentration by limiting her to simple, routine, repetitive tasks with no production rate pace.  "Case law in this circuit does not support a rule that an [RFC] providing for simple, unskilled work is *per se* insufficient to convey moderate limitations in concentration, persistence and pace."  *Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 635 (6th Cir. 2016) (cleaned up).  Without evidence of other concrete and specific functional limitations, such an RFC adequately addresses moderate limitations in concentration.  *Id.* (citing *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 437 (6th Cir. 2014)); *Barajas v. Comm'r of Soc. Sec.*, No. 3:20-cv-11219, 2021 WL 4099250, at *5-6 (E.D. Mich. Aug. 10, 2021), *adopted*, 2021 WL 4078666 (E.D. Mich. Sept. 8, 2021).

Dr. Brady's opinion that Caldwell may often be distracted and that her performance may be "limited and slowed" provides no concrete limitations like time or pace restrictions. *See King v. Comm'r of Soc. Sec.*, No. 13-13022, 2015 WL 300374, at *4 (E.D. Mich. Jan. 22, 2015) (finding a similar opinion by Dr. Brady was adequately addressed with an RFC limiting the plaintiff to simple, routine, repetitive tasks); *see also White v. Comm'r of Soc. Sec.*, No. 14-CV-11698, 2015 WL 803179, at *9 (E.D. Mich. Feb. 26, 2015) (same). Thus, the ALJ had no duty to assess other specific limitations—including the 15% or more off-task limitation suggested by Caldwell—based Dr. Brady's opinion that Caldwell had a moderate impairment in concentration. ECF No. 16, PageID.1332. Caldwell offers alternative interpretations of Dr. Brady's opinion, but the Court may not reweigh the evidence or consider other possible interpretations when the ALJ's decision is supported by substantial evidence. *See Wade v. Colvin*, No. 16-10042, 2017 WL 9477635, at *5 (E.D. Mich. Jan. 30, 2017), *adopted*, 2017 WL 835590 (E.D. Mich. Mar. 3, 2017).

Caldwell also maintains that records from treating source Seema Sutariya, PA, support that she had trouble concentrating and that she exhibited flights of ideas. ECF No. 16, PageID.1331. But the ALJ discussed those records and accurately noted that despite Caldwell's

9

struggle with anxiety in 2019, her symptoms improved with medication. ECF No. 13-2, PageID.74-75 (citing ECF No. 13-7, PageID.880-881, 888-889, 894-895, 898-899, 902-903, 910-911, 914-915, 918-921).  The ALJ also correctly observed that treatment records through 2021 showed "waxing and waning symptoms" of depression and anxiety, but that "overall the medical records show that [Caldwell] remained stable."  *Id.*, PageID.75 (citing ECF No. 13-7, PageID.871-872, 876-877, 928-929; ECF No. 13-17, PageID.1263-1264, 1275-1276, 1283-1284).  And even though Caldwell experienced flights of ideas, she often exhibited a logical, linear thought process and euthymic, stable mood.  *See, e.g.*, ECF No. 13-17, PageID.1264, 1268, 1272, 1276.

When, as here, the ALJ's decision is supported by substantial evidence, it "must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion."  *Cutlip*, 25 F.3d at 286.

## IV. Conclusion

The Court **DENIES** Caldwell's motion for summary judgment (ECF No. 16), **GRANTS** the Commissioner's motion for summary judgment (ECF No. 18), and **AFFIRMS** the ALJ's decision under sentence four of 42 U.S.C. § 405(g).

           <u>s/Elizabeth A. Stafford</u>
           ELIZABETH A. STAFFORD
           United States Magistrate Judge

Dated: February 23, 2023

## **CERTIFICATE OF SERVICE**

 The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 23, 2023.

           <u>s/Marlena Williams</u>
           MARLENA WILLIAMS
           Case Manager